**Case No. 15-10614**

_____

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

EVELYN SINENENG-SMITH

*Appellant*

_____

*Appeal from the United States District Court for the*
*Northern District of California, San Francisco,*
*No. 3:10-cr-00414-RMW*
*The Honorable Ronald M. Whyte*

_____

**APPELLANT'S PETITION FOR PANEL REHEARING AND FOR
REHEARING EN BANC**

Daniel F. Cook (State Bar No. 70484)
Attorney At Law
P. O. Box 26
Bodega Bay, CA 94923
Telephone: (415) 730-3075
dcooklaw@comcast.net
*Counsel for Defendant-Appellant*
EVELYN SINENENG-SMITH

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………ii-iii

FRAP 35(b)(1) AND 40(a)(2) STATEMENT……………………………...…...1

FACTUAL AND PROCEDURAL BACKGROUND……………………………..4

REASONS WHY PANEL OR EN BANC REHEARING SHOULD BE
GRANTED………………………………………………………………………4

I.   The Memorandum Decision Upheld The Mail Fraud Convictions Upon A
     Half-Truth Liability Theory Not Presented By The Government And Where
     No Jury Instructions Were Given On Half-Truth Liability…………………4

II.  The Memorandum Decision Upholding The Mail Fraud Convictions Upon A
     Half-Truth Liability Theory Not Presented By The Government And Where
     No Jury Instructions Were Given On It Is Contrary To Established Supreme
     Court And Ninth Circuit Case Law Barring Courts From Upholding
     Convictions On Such New Theories On Appeal……………………………8

CONCLUSION…………………………………………………………...……..13

CERTIFICATE OF COMPLIANCE

ADDENDUM (MEMORANDUM DECISION)

# TABLE OF CASES AND AUTHORITIES

## CASES

*Chiarella v. United States,* 455 U.S. 222 (1980)………………………….……..3, 9

*Dunn v. United States,* 442 U.S. 100 (1979)…………………………….....3, 9

*McCormick v. United States,* 500 U.S. 257 (1991)……………….....………..3, 9

*Rewis v. United States,* 401 U.S. 808 (1971)…………………………...….……3, 9

*United States v. Benny,* 786 F.2d 1410 (9th Cir. 1986),
*cert. denied,* 479 U.S. 1017 (1986)……………………………….…….…10, 11

*United States v. Dowling,* 739 F.2d 1445 (9th Cir. 1984),
*rev'd on other grounds,* 473 U.S. 207 (1985)…………………………….……11

*United States v. Shields,* 844 F.3d 819 (9th Cir. 2016*)*..……………………….10

*United States v. Tarallo,* 380 F.3d 1174 (9th Cir. 2004)………………..…….…..3, 9

*United States v. Woods,* 335 F.3d 993 (9th Cir. 2003),
*cert. denied,* 540 U.S. 1025 (2003)……………………………………….…..11

*Universal Health Servs., Inc. v. US ex rel Escobar,* 136 S.Ct. 1989 (2016)……..7

## RULES

Federal Rules of Appellate Procedure

Rule 35(b)(1)………………………………………………………..…1

Rule 40(a)(2)………………………………………………………..…1

# FRAP 35(b)(1) AND 40(a)(2) STATEMENT

Appellant Evelyn Sineneng-Smith ("ESS") respectfully requests a panel rehearing and rehearing en banc on the two counts of mail fraud conviction upheld upon a half-truth liability theory in this Court's Memorandum decision of December 4, 2018. Dkt. No. 110.

A panel rehearing or rehearing en banc is warranted under FRAP 35(b)(1) and 40(a)(2) because

- the panel opinion has overlooked or misapprehended critical facts – (1) that liability for mail fraud based upon half-truth liability, used to uphold the convictions on appeal, was not a theory of liability presented by the government in the trial court or addressed in jury instructions and (2) that the retainer agreements relevant to the I-140 petitions for Esteban and Guillermo did not reference a hiring to assist in obtaining permanent residence through Labor Certification (Memorandum at 3), but instead those I-140 limited retainers were a retention to "obtain my Immigrant Petition For Alien Worker approval." This Court held that the retainer agreements that ESS had with Esteban and Guillermo contained misrepresentations by stating ESS was being hired for the purposes of assisting them to obtain permanent residence. Memorandum at 3. This Court found these

1

statements to be "at least deceitful half truths that concealed material facts." *Id.* However, that is an apparent reference to retainer agreements signed regarding the prior Labor Certification representations done some five years earlier, where Labor Certifications were eventually approved for Esteban and Guillermo. The retainer agreements for the I-140 petitions did not reference ESS being hired to obtain Labor Certifications because those had already been obtained prior to the retention on I-140 petitions (Exhibit 13-H at 8-10 (Guillermo); Exhibit 17 at 2-4 (Esteban)); instead they referenced a retention to "obtain my Immigrant Petition For Alien Worker approval." Exhibit 13-F at 1 (Guillermo) Exhibit 17 at 5 (Esteban). Thus, the predicate half-truth used in the Memorandum decision appears to be a mistaken reference to the Labor Certification retainers of some five years earlier, not to the limited representation agreements undertaken on the later Esteban and Guillermo I-140 petitions relevant to the mail fraud convictions.

- the panel opinion has overlooked or misapprehended well-established Supreme Court and Ninth Circuit case law that a conviction cannot be upheld on appeal upon a theory of liability not presented by the government in the trial court or included in jury instructions, and thus

2

is necessary to secure and maintain uniformity of This Court's decisions. *McCormick v. United States,* 500 U.S. 257, 270 n.8 (1991) (courts are not permitted to affirm convictions on any theory they please simply because facts necessary to support the theory were presented to the jury; right to jury trial is denied when a court uses a different theory and different instructions than those presented to the jury to uphold a conviction); *Chiarella v. United States,* 455 U.S. 222, 236 (1980) ("cannot affirm a criminal conviction on the basis of a theory not presented to the jury"); *Dunn v. United States,* 442 U.S. 100, 106 (1979) ("appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial"); *Rewis v. United States,* 401 U.S. 808, 814 (1971) (cannot uphold conviction on legal theory not covered in instructions); *United States v. Tarallo,* 380 F.3d 1174, 1183-85 (9th Cir. 2004) ("Because the jury was not instructed that it had to find beyond a reasonable doubt all elements of coschemer vicarious liability, on appeal the government may not rely on this new theory."; mail fraud conviction could not be upheld on co-schemer liability theory because no jury instructions on that theory).

Therefore, a panel rehearing or rehearing en banc should be granted to address these errors in the Memorandum decision and reverse the mail fraud convictions herein with instructions to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant ESS was charged and, after a jury trial, was convicted of two counts of unlawfully encouraging undocumented immigrants (Esteban and Guillermo) to remain residing in the United States, in violation of 8 U.S.C. §1324(a)(1)(A)(iv), and two counts of mail fraud against them, in violation of 18 U.S.C. §1341. She appealed those convictions. This Court, by Memorandum decision, upheld the mail fraud convictions against an insufficiency of the evidence challenge, finding certain ESS statements to Esteban and Guillermo "were at least deceitful half truths that concealed material facts." Memorandum at 3. By separate Opinion, this Court reversed the immigration counts of conviction on First Amendment grounds. Dkt. No. 109-1. Both parties were granted extensions of time (to January 17, 2019) in which to file petitions for panel and/or en banc rehearing and stays of issuance of the mandate.

## REASONS WHY PANEL OR EN BANC REHEARING SHOULD BE GRANTED

**I.     The Memorandum Decision Upheld The Mail Fraud Convictions Upon A Half-Truth Liability Theory Not Presented By The Government And Where No Jury Instructions Were Given On Half-Truth Liability**

The superseding indictment charged mail fraud by a scheme to defraud and obtain money by means of materially false pretenses, representations, and promises about the eligibility of undocumented immigrants ("aliens" under the statutory terminology) to eventually adjust status to obtain a permanent resident employment-based visa status and green card. The prosecution theory was that a law at the time did not allow such a path to such a visa for persons who had not filed certain applications by a certain date (April 30, 2001) to be what was generally called §245i eligible eventually to pursue adjustment of status (if a Labor Certification and I-140 petition had previously been approved). Excerpts of Record ("ER") 6 at 1-7. Undocumented immigrants Esteban and Guillermo had not filed in time to be §245i eligible.

The prosecution theory of liability was always based upon ESS misrepresentations or omissions, not half-truth liability. Half-truth liability was not specifically raised in the prosecution final argument. ER 210 at 1-25, 60-73. The trial court instructions upon mail fraud were predicated upon misrepresentation or omission liability, not half-truth liability. ER 210 at 85 ("the statements made or facts omitted as part of the scheme were material.") No half-truth liability instruction was sought by the government.

In the ESS post-trial motion for judgment of acquittal on the two mail fraud counts the defense argued the lack of any affirmative misrepresentation (that

Esteban and Guillermo were in fact then eligible to pursue the goal of eventually getting a green card by being eligible to pursue an adjustment of status and a green card by having eligibility under then §245i when in fact they were not then eligible) or omission (failure to mention anything about §245i ineligibility) upon which a conviction could be predicated.  ER 213 at 11-15, 17-20.  In response, the government predicated its argument to uphold the mail fraud convictions solely upon false statements and omissions liability, not specific half-truth liability.  ER 218 at 20 ("a jury could reasonably conclude that the defendant made false statements and omissions to her clients about their eligibility to become green card holders.").

The trial court, in denying the acquittal motions, relied expressly or implicitly upon a half-truth liability theory, finding that the statements made to Guillermo were not omissions (non-disclosures of green card ineligibility) but "better characterized as half-truths, even as being affirmatively misleading."  ER 224 at14. The court found that "[v]arious different documents *suggested* that Guillermo could obtain a green card.  *Id.* (emphasis added).  That is not an affirmative misrepresentation of §245i eligibility to either Guillermo or Esteban, but at most a half-truth.   Although the court described the statements regarding Esteban as being "explicit misrepresentations," it described them as making "allusions" about obtaining legal status that were misleading and that Esteban

6

assumed would make her eligible to obtain a green card. ER 224 at 15. With due respect to the trial court, the statements regarding Guillermo and Esteban were not direct misrepresentations of §245i eligibility (eligibility to pursue the process towards getting a green card), but at best could be construed as half-truths. A half-truth statement is where the statement made is not affirmatively false but states the truth only so far as it goes, while omitting critical qualifying information. *E.g., Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2000 (2016). Thus, the trial court decision ultimately was predicated upon ESS not having made an affirmative false statement that either Guillermo or Esteban were in fact eligible to pursue a green card, but only left that impression with them by half-truths.

This Court held that the retainer agreements that ESS had with Esteban and Guillermo contained misrepresentations by stating ESS was being hired for the purposes of assisting them to obtain permanent residence. Memorandum at 3. This Court found these statements to be "at least deceitful half truths that concealed material facts." *Id.* However, that is an apparent reference to retainer agreements signed regarding the prior Labor Certification representations done some five years earlier, where Labor Certifications were eventually approved for Esteban and Guillermo. The retainer agreements for the I-140 petitions did not reference ESS being hired to obtain Labor Certifications because those had already been obtained prior to the retention on I-140 petitions (Exhibit 13-H at 8-10

7

(Guillermo); Exhibit 17 at 2-4 (Esteban)); instead they referenced a retention to "obtain my Immigrant Petition For Alien Worker approval." Exhibit 13-F at 1 (Guillermo) Exhibit 17 at 5 (Esteban). Thus, the predicate half-truth used in the Memorandum decision appears to be a mistaken reference to the Labor Certification retainers of some five years earlier, not to the limited representation undertaken on the Esteban and Guillermo I-140 petitions relevant to the mail fraud counts.

Thus, half-truth liability is the predicate for the Memorandum decision here despite that theory not being presented by the government and with no jury instructions upon half-truth liability and apparently based upon retainer agreement statements from Labor Certification retention some five years before the I-140 petitions relevant to the mail fraud counts, which do not contain the language referenced in the Memorandum decision. As shown above and below, under such circumstances established Supreme Court and Ninth Circuit case law hold that a prosecution theory not presented by the government and with no jury instructions on it cannot be used to uphold the mail fraud convictions here.

**II.** **The Memorandum Decision Upholding The Mail Fraud Convictions Upon A Half-Truth Liability Theory Not Presented By The Government And Where No Jury Instructions Were Given On It Is Contrary To Established Supreme Court And Ninth Circuit Case Law Barring Courts From Upholding Convictions On Such New Theories On Appeal**

The Supreme Court has held on several occasions that new prosecution theories not presented in the trial court or with no jury instructions given on them cannot be used to uphold convictions on appeal. *McCormick v. United States,* 500 U.S. 257, 270 n.8 (1991) (courts are not permitted to affirm convictions on any theory they please simply because facts necessary to support the theory were presented to the jury; right to jury trial is denied when a court uses a different theory and different instructions than those presented to the jury to uphold a conviction); *Chiarella v. United States,* 455 U.S. 222, 236 (1980) ("cannot affirm a criminal conviction on the basis of a theory not presented to the jury"); *Dunn v. United States,* 442 U.S. 100, 106 (1979) ("appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial"); *Rewis v. United States,* 401 U.S. 808, 814 (1971) (cannot uphold conviction on legal theory not covered in instructions).

This Court likewise has so held. *United States v. Tarallo,* 380 F.3d 1174, 1183-85 (9th Cir. 2004) ("Because the jury was not instructed that it had to find beyond a reasonable doubt all elements of coschemer vicarious liability, on appeal the government may not rely on this new theory."; mail fraud conviction could not be upheld on co-schemer liability theory because no jury instructions on that theory).

9

Therefore, the law is clearly established on this point and plainly applicable on this appeal.  Applying that law consistent with those holdings, the mail fraud convictions here cannot be upheld on a half-truth liability theory as has been done in the Memorandum decision.

That leaves two possible liability theories to support the mail fraud convictions – direct affirmative misrepresentations and omissions.  Proof of an affirmative, material misrepresentation supports a conviction of mail fraud without any additional proof of a fiduciary duty.  *United States v. Benny,* 786 F.2d 1410, 1418 (9th Cir. 1986), *cert. denied* 479 U.S. 1017 (1986).  However, there was no direct misrepresentation here that either Esteban or Guillermo were §241 eligible.  That is what an affirmative misrepresentation would be – flatly false on its face, not simply misleading.

The mail fraud counts also cannot be upheld on an omission theory of liability. When the government bases a fraud charge on material non-disclosures, the trial court must instruct the jury that a non-disclosure can only support a fraud charge when the defendant has a duty to disclose the omitted information. *United States v. Shields*, 844 F.3d 819, 822-23 (9th Cir. 2016).  However, an omission or non-disclosure of material facts can only serve as a basis for a fraudulent scheme when there exists an independent duty that has been breached by the person so charged.  This independent duty may exist in the form of a fiduciary duty to third

parties (citations omitted) or may derive from an independent explicit statutory duty created by legislative enactment. *Benny,* 786 F.2d at1418 (citing *United States v. Dowling,* 739 F.2d 1445, 1449 (9th Cir. 1984), *rev'd on other grounds,* 473 U.S. 207 (1985). A mail fraud scheme to defraud may be based on a nondisclosure when there exists an independent duty that has been breached by the person so charged. This independent duty may exist in the form of a fiduciary duty to third parties or may derive from an independent explicit statutory duty created by legislative enactment. *United States v. Woods,* 335 F.3d 993, 1001 (9th Cir. 2003), *cert. denied,* 540 U.S. 1025 (2003).

However, the trial court did not rely upon that theory in upholding the mail fraud convictions. ER 224. Neither did the panel in the Memorandum decision.

The evidence at trial, in regard to the Guillermo I-140 petition, was that Guillermo never met with ESS or talked to her about that petition at any time as Guillermo knew that (1) her employer, Santiago, was self-representing herself on the petition; (2) that Guillermo was only the intended beneficiary of the employer's petition; (3) that ESS was not representing the employer or Guillermo on that petition other than providing the service of filing the petition and handling correspondence with CIS in regard to that petition; (4) that ESS was not providing any legal advice to Guillermo as Guillermo's employer, Santiago, was representing herself on that petition; and (5) if Guillermo had any questions or needed any

advice on that petition, she should go to her employer, Santiago. Exhibit 13-F; Exhibit 13-H; ER 205 at 765-69. Guillermo knew that, regarding the petition, if she wanted any legal advice, she would have to do that with a lawyer, not ESS, and that ESS would only make a recommendation of a lawyer to her. ER 205 at 768. Guillermo knew that ESS's only role regarding the petition was to prepare the petition and submit it. *Id.* Guillermo also knew that if she had any questions about the petition, she needed to go to her employer, Santiago, not ESS, for such advice. *Id.* at 768-69.

The evidence at trial, regarding the hiring of ESS regarding the Esteban I-140 petition, was that Esteban never met with ESS or talked to her about the petition at any time. Exhibit 17-E (at 000013) showed that ESS was being hired only to file the petition with CIS and that Esteban's employer, Dizon, was self-representing herself on the employer's petition with Esteban as the intended beneficiary. Exhibit D18-1 at 000018. ESS was not representing the employer or Esteban on that petition other than providing the service of filing the petition with CIS. Exhibit 17-E at 000013. ESS was not providing any legal advice to Esteban as Esteban's employer was representing herself on the petition. *Id.* at 000013, 000042. Thus, if Esteban had any questions or needed any advice on that petition, she should go to her employer, Santiago, not ESS. *Id.*

12

Considering the limited representation ESS was to provide regarding the relevant Guillermo and Esteban I-140 petitions – only handling filing of the forms and ministerial matters, where the employers were handling their own petitions for their employees – there simply was no independent duty for ESS to make any §245i eligibility disclosure at all. The trial court did not purport to rely on such omission liability to uphold the mail fraud convictions. Neither does the Memorandum decision of this Court.

Therefore, the half-truth liability theory relied upon in the Memorandum decision cannot be used to uphold the mail fraud convictions based upon well-established case law cited above. Furthermore, affirmative misrepresentation or omission liability also can't be the basis for mail fraud convictions here as the evidence simply does not support either of those theories here. Presumably, that is why the panel did not rely on those liability theories in the Memorandum decision.

Accordingly, the mail fraud convictions should be reversed due to insufficient evidence to support them and ordered dismissed.

## CONCLUSION

For the reasons stated above, ESS respectfully requests that the petition for panel rehearing and rehearing en banc be granted, the evidence on the mail fraud counts be found legally insufficient to uphold those convictions for the reasons

stated above, and those convictions be reversed with instructions to dismiss the two mail fraud counts.

January 17, 2019                                    Respectfully submitted

                                                    s/Daniel F. Cook
                                                    Daniel F. Cook
                                                    Counsel for Appellant
                                                    EVELYN SINENENG-SMITH

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing or Answers

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 15-10614

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer to petition is (*select one*):

Prepared in a format, typeface, and type style that complies with Fed. R. App.
○ P. 32(a)(4)-(6) and **contains the following number of words**: [          ].

*(Petitions and answers must not exceed 4,200 words)*

**OR**

◉ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/Daniel F. Cook          **Date** | Jan 17, 2019
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                                 *Rev. 12/01/2018*

ADDENDUM

FILED

**NOT FOR PUBLICATION**

DEC 4 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10614 |
| Plaintiff-Appellee, | DC No. CR 10-414 RMW |
| v. | |
| EVELYN SINENENG-SMITH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California
Reargued and Resubmitted February 15, 2018
Pasadena, California

Before:    TASHIMA, BERZON, and HURWITZ**, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        Judge Reinhardt, who was originally a member of this panel, died
after this case was reargued and resubmitted for decision.  Judge Hurwitz was
randomly drawn to replace him.  Judge Hurwitz has read the briefs, reviewed the
record, and watched video recordings of the oral arguments.

Case: 15-10614, 12/04/2018, ID: 11108188, DktEntry: 110, Page 2 of 4

Evelyn Sineneng-Smith appeals her conviction on two counts of mail fraud in violation of 18 U.S.C. § 1341.[1]  She contends that the evidence was insufficient to uphold the verdict.  We affirm.

Sineneng-Smith operated an immigration consulting firm in San Jose, California.  Her clients were mostly natives of the Philippines, unlawfully employed in the home health care industry in the United States, who sought authorization to work and adjustment of status to obtain legal permanent residence (green cards).  One of Sineneng-Smith's main "services" was to assist clients with applying for a "Labor Certification," and then for a green card.  The problem was that Sineneng-Smith's clients, Amelia Guillermo and Hermansita Esteban, were not eligible to adjust their statuses to legal permanent residents through the Labor Certification program.  Sineneng-Smith told investigators that she knew that her clients were ineligible to adjust their status through Labor Certification.  Sineneng-Smith's mail fraud convictions stem from her sending through the U.S. mail retainer agreements to Guillermo and Esteban, stating that Sineneng-Smith would help them obtain legal permanent residence.

---

[1]  Sineneng-Smith was also convicted of violating of 8 U.S.C. § 1324(a)(1)(A)(iv).  We address those convictions in a concurrently-filed opinion.

2

"To allege a violation of mail fraud under [18 U.S.C.] § 1341, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (internal quotation marks omitted). Sineneng-Smith only contests the sufficiency of the evidence as to the first and third elements.

To satisfy the first element, the government must offer "[p]roof of an affirmative, material misrepresentation," *United States v. Benny*, 786 F.2d 1410, 1418 (9th Cir. 1986), or proof of "deceitful statements of half truths or the concealment of material facts," *United States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003). The retainer agreements that Sineneng-Smith signed with Esteban and Guillermo demonstrate her misrepresentations. The agreements stated that Sineneng-Smith's clients hired her "for purposes of assisting [them] to obtain permanent residence through Labor Certification." Because Guillermo and Esteban had no chance of obtaining permanent residence through Labor Certification, these statements were at least deceitful half truths that concealed material facts. The facts were material because Esteban and Guillermo testified

3

that they would have left the country if Sineneng-Smith had told them that they were not eligible for green cards.

As to the third element, Sineneng-Smith admitted that she knew that her clients could not adjust their status through Labor Certification.  She further admitted that if she informed her clients of that fact, they would not have hired her.  This evidence is sufficient to support a finding that Sineneng-Smith intended to defraud her clients.

•   ●   •

With respect to the mail fraud convictions, Counts 5 and 6, the judgment of the district court is **AFFIRMED.**