No. 15-10614

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

  v.

EVELYN SINENENG-SMITH,

    Defendant-Appellant.

**UNOPPOSED MOTION OF THE UNITED STATES
TO STAY THE MANDATE**

Pursuant to Rule 41 of the Federal Rules of Appellate Procedure and Circuit Rule 41-1, the United States respectfully moves this Court to stay the mandate pending the possible filing of a petition for a writ of certiorari in the United States Supreme Court and the final disposition by that Court.

In this appeal, Defendant-Appellant Evelyn Sineneng-Smith was convicted on two counts of encouraging and inducing illegal immigration for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) & (B)(i), and two counts of mail fraud, in violation of 18 U.S.C. § 1341; she separately pleaded guilty to two counts of willfully subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1). A panel of this Court affirmed Sineneng-Smith's two mail fraud convictions but unanimously held that § 1324(a)(1)(A)(iv), the encouraging-

and-inducing statute, is unconstitutionally overbroad. *United States v. Sineneng-Smith*, 910 F.3d 461 (9th Cir. Dec. 4, 2018).

The United States filed a petition for rehearing en banc. On February 12, 2019, the Court denied the petition. The Solicitor General is currently determining whether to file a petition for a writ of certiorari, which is due on May 6, 2019.

Rule 41-1 of the Rules of this Court provides that a motion to stay the mandate pending a petition for certiorari will be denied "if the Court determines that the petition for certiorari would be frivolous or filed merely for delay." Rule 41(c) of the Federal Rules of Appellate Procedure requires "good cause" to stay the mandate pending the filing of a petition for certiorari. This case presents "good cause" and an issue that would not be frivolous.

First, this Court invalidated a federal criminal statute. Because the Solicitor General usually defends the constitutionality of congressional enactments, the likelihood that the Solicitor General will seek Supreme Court review is significant. *See* 28 U.S.C. § 530D(a)(1)(B)(ii) (requiring that the Attorney General report to Congress whenever he refrains from appealing a judicial decision adversely affecting the constitutionality of a federal statute). Moreover, as this Court acknowledged in its opinion, its interpretation of § 1324(a)(1)(A)(iv) creates a circuit split with respect to the statute's overbreadth, *Sineneng-Smith*, 901 F.3d at

477-478, and its invalidation of the statute on facial overbreadth grounds is in tension with the Supreme Court's admonition that the overbreadth doctrine is "strong medicine" to be applied "sparingly and only as a last resort," *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973). Accordingly, this case presents a substantial question on which the circuits are divided, and the government has demonstrated good cause for seeking this stay.

For the reasons stated, the government seeks a stay of the mandate until May 6, 2019, and, if the Solicitor General files a certiorari petition, until the Supreme Court disposes of the petition. If the Solicitor General determines before May 6, 2019, not to seek Supreme Court review, the undersigned will promptly notify this Court.

Defendant's counsel, Daniel Cook, has informed the undersigned that he has no objection to the proposed stay.

DATE:   February 13, 2019       Respectfully submitted,

DAVID L. ANDERSON               BRIAN A. BENCZKOWSKI
United States Attorney          Assistant Attorney General

MERRY JEAN CHAN                 MATTHEW S. MINER
Assistant United States Attorney   Deputy Assistant Attorney General

<u>/s/ Andrew W. Laing</u>
ANDREW W. LAING
Attorney
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530
(202) 353-8433
andrew.laing@usdoj.gov

Attorneys for Plaintiff-Appellant
UNITED STATES OF AMERICA